

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. 0-1908
Re: Transporting unstamped beer to
destination outside Texas.

This will acknowledge receipt of your letter
of February 21, 1940, in which you seek an opinion of
this department on the questions therein presented. We
deem it necessary to here set out your request in full
as follows:

"Our Auditing Department is now in the
process of auditing a brewery within the
State of Texas and the following question
has arisen, about which we desire your opin-
ion. The facts in regard to this question
are as follows:

"Beer distributors from Oklahoma, Arkan-
sas and Louisiana send their trucks to the
docks of the Texas manufacturer, who in turn
loads the trucks with unstamped beer, making
a sales ticket to the out-of-state beer dis-
tributor, bearing the address of the point of
destination, a copy of which remains in the
files of the Texas manufacturer, signed by
the truck driver receiving the beer.

"The Texas manufacturer has furnished
this Department with statements and affidavits
from the taxing authorities of the States of
Oklahoma, Arkansas and Louisiana, which show
that according to the tax records of those
particular states, taxes upon the beer in ques-
tion was paid to the various states to which,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

according to the records of the Texas manufacturer, the beer was shipped.

"This Department considers that the statements and affidavits from the taxing authorities of the states of Oklahoma, Arkansas and Louisiana, which show that the taxes on the beer which left the docks of the Texas manufacturer, was paid upon its reaching the destination to which it was consigned, according to the sales slip, is sufficient proof that the beer was actually delivered beyond the boundaries of the State of Texas.

"1. Are taxes on the beer in question due the State of Texas?

"2. Is the Texas Liquor Control Board warranted in accepting the above stated proof of delivery of beer beyond the limits of the State of Texas as being adequate in bringing this tax payer within the exception provided in Section (d), Article 667-23, Revised Civil Statutes?"

It was clearly the intention of the Legislature to place upon the manufacturer of beer the responsibility for the payment of the tax imposed by statute. This is manifest from a reading of Section (d) of Article 667-23 of the Penal Code of Texas which is:

"(d) On beer manufactured in this State the duty of paying the tax and affixing and cancelling the stamp as required herein shall rest primarily upon the manufacturer, and it is hereby declared to be unlawful for any manufacturer to transport any beer or to deliver to any person any beer to be transported away from the brewery of said manufacturer unless and until tax has first been paid and the tax stamp evidencing such payment has been first affixed and cancelled as required by this Act; provided, however, that no person holding a Manufacturer's license in this State shall be required to affix stamps on any containers of beer stored in the brewery where same is brewed or being transported therefrom to a point outside of this State."

The latter portion of such provision, under-scored by the writer for sake of clarity, consitutes an exception to the general rule that the beer tax must be first paid and the beer stamped before being transported away from the brewery. It merely provides that it is unnecessary to pay the tax and place the tax stamps upon beer that is being transported to points outside the State.

We held in our opinion No. O-1774, approved by this department on January 12, 1940, that the underscored portion of Section (d), supra, constitutes an exception or exemption from the first portion of such section and that the taxpayer must clearly bring himself within such exception in order to escape the tax liability thereunder.

The Legislature did not attempt to establish any rule or method of procedure by which it could be determined whether or not beer was actually transported to a point outside of Texas, nor did it make any require-ment as to the mode or manner in which it should be trans-ported. Whether or not the beer shall first be stamped would depend upon the manufacturer's knowledge that such beer, so delivered, was to be transported beyond the bor-ders of Texas. Notwithstanding which, however, unless it is actually so delivered to a point outside Texas and evidence of a satisfactory nature furnished to the Texas Liquor Control Board of such fact, the manufacturer will be liable for the tax. This is in keeping with our hold-ing in opinion No. O-1774. So much of opinion No. O-1774, dealing with the necessity for first stamping the beer before delivery to the carrier as might be inconsistent with this holding is hereby expressly overruled.

Your instant inquiry goes to the sufficiency of the evidence to be required by the Texas Liquor Control Board that beer so delivered to the agent of the purchaser was actually transported beyond the borders of the State. In this connection, you advise that the Texas manufacturer has furnished your Board with statements and affidavits from the taxing authorities of adjoining states showing that taxes were paid in the various states by the purchaser to whom, according to the records of the Texas manufacturers, beer was shipped. We think the evidence required of such facts must be evidence of such character as is satisfactory

to your Board. Satisfactory evidence is that evidence which ordinarily produces moral certainty or conviction in an unprejudiced mind, such as ordinarily satisfies such a mind beyond reasonable doubt. Shriver vs. Union Stock Yards National Bank, 232 Pac. 1062, and Hyndshaw vs. Mills, 187 NW 780.

Answering your second question first, it is our opinion that the evidence about which you inquire is sufficient to relieve the Texas manufacturer from tax liability.

Your first question is answered in the negative in those cases wherein the manufacturer has sufficient satisfactory evidence in his files to justify the conclusion that the beer in question was actually transported beyond the borders of Texas. If satisfactory evidence of such fact is not produced the manufacturer is liable for the tax imposed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:AW

APPROVED MAR 15, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN